IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| AMERICAN HANDIWORK, INC., | ) | |
| | ) | |
| | ) | 2:21-CV-00028-MJH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 84 LUMBER COMPANY, L.P., | ) | |
| | ) | |

Defendant,

OPINION AND ORDER

Plaintiff, American Handiwork, Inc., brings claims for Tortious Interference with Contractual Relations (Count I), Tortious Interference with Prospective Contractual Relations (Count II), and Commercial Disparagement (Count III) averring that it suffered damages when Defendant, 84 Lumber Company, L.P., allegedly caused Orion Portfolio Management, LLC. to terminate its contract with Plaintiff. (ECF No. 1). Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Nos. 6). The matter is now ripe for consideration.

Upon consideration of American Handiwork's Complaint (ECF No. 1), 84 Lumber's Motion to Dismiss (ECF No. 6), the respective briefs and responses of the parties (ECF Nos. 7, 9, and 10), and for the following reasons, 84 Lumber's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be granted. Counts I, II, and III, will be dismissed, but American Handiwork will be granted leave to amend as set forth below.

I.  Background

On October 17, 2019, American Handiwork, a commercial and residential contractor, entered into a contact with Orion Portfolio Management, LLC to renovate a property for the price of $143,000. (ECF No. 1 at ¶¶ 7-9). On October 21, 2019, American Handiwork began

working on the property. *Id*. at ¶ 10.  Neal Metzger, owner of Orion, subsequently terminated the contract allegedly because of statements made by 84 Lumber's representatives. *Id*. at ¶¶ 11-12.

Prior to its contract with Orion, American Handiwork alleges that it had contracted with Jennifer Husted, the wife of John Husted and an employee of 84 Lumber, to perform work at her home. *Id*. at ¶¶ 13-14.  A dispute arose, and Mrs. Husted requested that American Handiwork refund her deposit. *Id*. at ¶ 15.  Instead, American Handiwork refused the refund and offered to perform the contracted work at the Husted residence. *Id*. at ¶¶ 16-17.  American Handiwork's Chief Financial Officer, Jim Campese, met with Mr. Husted to discuss the dispute. *Id*. at ¶ 18.  Mr. Husted allegedly stated that, if the deposit were not returned, he would use his position at 84 Lumber to disparage American Handiwork and interfere with its business relationships. *Id*. at ¶ 19.  American Handiwork avers that Mr. Husted and other "unknown entities" spoke pejoratively and falsely to Orion in an attempt to harm American Handiwork. *Id*. at ¶ 20.  It further alleges that 84 Lumber deliberately withheld materials from American Handiwork in an effort to disrupt its operations. *Id*. at ¶ 21.

In its Motion, 84 Lumber moves for dismissal on the basis that American Handiwork has failed to plead Tortious Interference with Contractual Relations (Count I), Tortious Interference with Prospective Contractual Relations (Count II), and Commercial Disparagement (Count III) with the requisite factual sufficiently.  84 Lumber also moves for dismissal on the basis that the alleged enumerated actions by its employees cannot be imputed to it.

II.     Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132

F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III.   Discussion

    A. Tortious Interference with Contractual Relations (Count I)

84 Lumber contends that American Handiwork's Tortious Interference with Contractual Relations (Count I) claim should be dismissed because it fails to meet the pertinent federal pleading standard. Specifically, it argues that American Handiwork has only regurgitated the elements of the claim without supporting facts. In this regard, 84 Lumber maintains that the Complaint fails to plead two elements of a Tortious Interference with Contractual Relations claim. In response, American Handiwork contends that it has sufficiently pleaded these elements.

Under Pennsylvania law, the elements of a claim for tortious interference with existing contractual relations are: (1) the existence of a contractual relation between the claim and a third party; (2) purposeful action by the opposing party specifically intended to harm the existing relation; (3) the absence of privilege to do so; and (4) resulting damages. *See Simon Property Group, Inc. v. Palombaro*, 682 F.Supp.2d 508, 511 (W.D. Pa. 2010) (citing *Reading Radio, Inc. v. Fink*, 833 A.2d 199, 211 (Pa. Super. 2003))

As to the second element, 84 Lumber argues that American Handiwork has not alleged any intentional conduct. In the Complaint, American Handiwork averred that "it is believed" 84 Lumber engaged in certain misconduct.  84 Lumber maintains that the factual allegations set forth in the Complaint – i.e., that Orion terminated the contract due to "statements made by defendant's representatives" and that Mr. Husted specifically stated that he would "disparage" American Handiwork – insufficiently support the second element of a tortious interference claim.  American Handiwork counters that, at this stage in the litigation, it only knows that Orion terminated its contract with American Handiwork based upon statements made by an 84 Lumber employee or employees.   Moreover, American Handiwork maintains that 84 Lumber can determine which employees interacted with Orion and the contents of any of their communications, and that it will need to obtain this information in discovery.  In response to the Motion to Dismiss, American Handiwork has also included text messages regarding Orion's receipt of communications from 84 Lumber and its employees regarding American Handiwork.

As to the third element, 84 Lumber argues that American Handiwork avers a formulaic recitation of the required elements to establish the absence of privilege or justification. Specifically, the Complaint states: "Mr. Husted's disparaging remarks about Plaintiff were not privileged." (ECF 1 at ¶ 24).  Therefore, 84 Lumber contends that the conclusory nature of this

5

allegations does not give the Court sufficient basis to determine whether a lack of privilege or justification exists in this case. American Handiwork maintains that it has sufficiently pleaded seven factors to support a lack of privilege or justification and has pleaded that, based upon the knowledge it has to date, 84 Lumber, through its employees, intentionally interfered with American Handiwork's contract with Orion when it had no justification for doing so.

A plaintiff must demonstrate a lack of privilege or justification as part of its prima facie case for tortious interference of contractual relations, and failure to do so results in dismissal of the claim. *See E. Rockhill Twp. v. Richard E. Pierson Materials Corp.*, 386 F.Supp. 3d 493, 502 (E.D. Pa. 2019). However, "'[w]hat is or is not privileged conduct in a given situation is not susceptible of precise definition,' and the propriety of an interference must be considered in terms of 'the rules of the game which society has adopted.'" *Id*. at 502-503 (quoting *Glenn v. Point Park Coll.*, 272 A.2d 895, 899 (1971)) (internal citations omitted). Accordingly, to establish the absence of privilege or justification, a plaintiff must show not only that the defendant's actions were intentional, but also that they were improper. *Id*. at 503. To do so, a district court considers those factors enumerated in the Restatement (Second) of Torts § 767, which include:

> (a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference, and (g) the relations between the parties.

*Id*. (quoting Restatement (Second) of Torts, § 767).

Here, upon evaluation of elements two and three, 84 Lumber's arguments are well taken. Averments that purport to support these elements are conclusory. Moreover, as to the second element, American Handiwork concedes imprecise allegations in its Complaint (ECF No. 10 at

p. 6) and attaches text messages, which are not part of the Complaint, to bolster its arguments. As to the third element, the Complaint provides nothing beyond a conclusory statement without venturing into the facts and factors needed to support pleading a lack of privilege and justifications. Such imprecision and lack of factual support on both the second and third elements are insufficient to support a tortious interference with contractual relations claim.

Accordingly, 84 Lumber's Motion to Dismiss, as regard Count I of the Complaint, will be granted. American Handiwork will be granted leave to amend.

B.  Tortious Interference with Prospective Contractual Relations

84 Lumber next contends that American Handiwork's Tortious Interference with Prospective Contractual Relations (Count II) claim should be dismissed because it fails to meet the pertinent federal pleading standard of sufficiently pleading the required elements. In particular, 84 Lumber contends that Count II has the same deficiencies as Count I and that the Complaint does not sufficiently plead the existence of "a prospective contractual relation." In response, American Handiwork contends that it has sufficiently pleaded its claim. Specifically, American Handiwork maintains that 84 Lumber ignores Paragraphs 27 and 28 of the Complaint wherein it alleged that it had begun work on a second unit for Orion and believed it would receive a contract from Orion for work on other units.

Although substantially similar, Pennsylvania distinguishes a claim for tortious interference with prospective contractual relations from a tortious interference claim. *See Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 470–71 (Pa. 1979). Although a tortious interference with prospective contractual relations claim requires the same general elements as a tortious interference claim under Pennsylvania law, as its name suggests, the existence of a prospective contract is supplanted for the first element. *See Palombaro*, 682 F.Supp.2d at 511.

Thus, to plead a claim for intentional interference with prospective contractual relations, a plaintiff must plead the following: "(i) a prospective contractual relation; (ii) the purpose or intent to harm the plaintiff by preventing the relation from occurring; (iii) the absence of privilege or justification on the part of the defendant; and (iv) the occasioning of actual damage resulting from the defendant's conduct." *See ClubCom, Inc. v. Captive Media, Inc.*, No. 02:07–cv–1462, 2009 WL 249446, *7 (quoting *Ruffing v. 84 Lumber Co.*, 600 A.2d 545 (Pa. Super. 1991)).

"In determining whether there is a prospective contractual relationship in a tortious interference case, Pennsylvania courts have considered whether the evidence supports a finding that there was an objectively 'reasonable likelihood or probability' that the contemplated contract would have materialized absent the defendant's interference." *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 213 (3d Cir. 2009) (citations omitted). For a court to find a " 'reasonable likelihood or probability' of a prospective contractual relationship," there must be "more evidence than the existence of a current business or contractual relationship." *See Phillips v. Selig*, 959 A.2d 420, 428-29 (Pa. Super. Ct. 2008) (citing *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466, 471 (1979)). "[A] mere historical relationship between parties is not sufficient to show a prospective contractual relationship." *BP Envt'l Servs., Inc. v. Republic Servs., Inc.*, 946 F. Supp. 2d 402, 412 (E.D. Pa. 2013).

Here, American Handiwork attempts to support its claims of a prospective contractual relationship by referencing its contemporaneous contractual work with Orion and expectations that a historical relationship between Orion and American Handiwork would lead to another contract. Such averments cannot serve as a basis of any likelihood or probability of a prospective contract with Orion. The Complaint cites to no pending negotiations or other

evidence that Orion contemplated a new contract with American Handiwork or that the same would have materialized absent 84 Lumber's alleged interference. Further, regarding elements two and three of a tortious interference of a prospective contractual relationship, the Court notes the same deficiencies as the elements in Count I above. Therefore, American Handiwork has insufficiently pleaded a claim for tortious interference of a prospective contractual relationship.

Accordingly, 84 Lumber's Motion to Dismiss, as regard Count II of the Complaint, will be granted. American Handiwork will be granted leave to amend.

### C. Commercial Disparagement

84 Lumber next contends that American Handiwork's Commercial Disparagement (Count III) claim is insufficiently pleaded. Specifically, 84 Lumber argues that Count III avers, in conclusory fashion, that American Handiwork "sustained financial loss" and fails to sufficiently specify that it sustained a pecuniary loss as required to survive a motion to dismiss. 84 Lumber further maintains that American Handiwork's claim for damages is reputational in nature rather than pecuniary. American Handiwork responds that its Complaint adequately pleads that it suffered contractual damages of $143,000 when Orion cancelled the subject contract stemming from disparaging remarks by 84 Lumber's employees.

Commercial disparagement claim is actionable under Pennsylvania law where:

> (1) the statement is false; (2) the publisher either intends the publication to cause pecuniary loss or reasonably should recognize that publication will result in pecuniary loss; (3) pecuniary loss does in fact result; and (4) the publisher either knows that the statement is false or acts in reckless disregard of its truth or falsity.

*See Neurotron Inc. v. Medical Service Ass'n of Pennsylvania, Inc.*, 254 F.3d 444, 448-49 (E.D. Pa. 2001) (quoting *Pro Golf Manufacturing, Inc. v. Tribune Review Newspaper Company*, 761 A.2d 553, 555-56 (Pa. Super. 2000) (citing Restatement (Second) of Torts, § 623(A) (1977))). Notably, a commercial disparagement claim differs from a defamation claim in that a

commercial disparagement plaintiff must plead and prove actual pecuniary loss. *See Synergy, Inc. v. ZS Associates, Inc.*, 110 F.Supp.3d 602, 619 (E.D. Pa. 2015) (quoting *SNA, Inc. v. Array*, 51 F.Supp.2d 554, 566 (E.D. Pa. 1999) aff'd sub nom. *Silva v. Karlsen*, 259 F.3d 717 (3d Cir. 2001)). Actual pecuniary loss may be established by a general diminution in sales or specific lost sales. *Id*. In addition, a plaintiff must plead these damages with specificity. *See Mallory v. S. & S. Publishers*, 168 F.Supp.3d 760, 775 (E.D. Pa. 2016) (citing numerous examples of where courts dismissed commercial disparagement claims for failure to plead damages with specificity).

Here, American Handiwork has pleaded a pecuniary loss that it suffered as a result of 84 Lumber's alleged disparagement. The alleged loss of American Handiwork's contract of $143,000 with Orion sufficiently avers a pecuniary loss in support of its commercial disparagement claim. Therefore, American Handiwork has adequately pleaded the pecuniary loss element of its commercial disparagement claim.

Accordingly, 84 Lumber's Motion to Dismiss, with regard to pleading the pecuniary loss element of Count III, is denied. However, Count III, will be dismissed for a different reason below.

### D. Imputation of 84 Lumber

84 Lumber also argues that Counts I, II, and III should be dismissed because the alleged actions by Mr. Husted and other unnamed employees cannot be imputed to 84 Lumber. Specifically, 84 Lumber contends that Mr. Husted's actions, despite his status as an employee, stemmed from his personal animus with American Handiwork. As such, 84 Lumber maintains that Mr. Husted's alleged disparaging statements were outside his scope of employment. With regard to American Handiwork's allegations that other individuals spoke "pejoratively and falsely" about it, 84 Lumber argues that these averments lack sufficient factual support.

American Handiwork responds that it needs to conduct discovery to identify employees of 84 Lumber that communicated with Orion and the contents of those communications. While outside the pleadings, American Handiwork submits text messages from Orion to American Handiwork that reference statements made by 84 Lumber's employees directed to Orion's owner, Mr. Metzger.

Under Pennsylvania law, it is generally true that "[a] master is liable for the acts of his servant which are committed during the course of and within the scope of the servant's employment." *See Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271 (Pa. Super. 1979) (citations omitted). However, Pennsylvania recognizes certain exceptions where actions by employee are, as a matter of law, outside the course and scope of his or her employment. *See Doe 6 v. Pennsylvania State University*, 982 F.Supp.2d 437, 441 (E.D. Pa. 2013) (citing *Fitzgerald*, 410 A.2d at 1271-72). For example, where an employee acts for reasons personal to him or herself, it falls outside of the course and scope of employment. *Id.*; *see also Fitzgerald*, 410 A.2d at 1271-72; *Lunn v. Yellow Cab Company*, 169 A.2d 103, 104 (Pa. 1961). In particular, where an employee acts out of personal animus, his or her actions are not "actuated by an intent of performing the business of the employer." *See Fitzgerald*, 410 A.2d at 1272.

Here, the Complaint, with regard to Mr. Husted, centers on his personal dissatisfaction with the work American Handiwork's completed on his wife's home, and that relationship and dissatisfaction had no bearing on with whom he was employed. Even under a reading generous to American Handiwork, the crux of Mr. Husted's actions arises from a personal dispute unrelated to his position with 84 Lumber. While it is yet unknown what other employees of 84 Lumber may have communicated with Orion or the content of what they said, 84 Lumber cannot be accountable, under Counts I, II, and III, for Mr. Husted's personal business with American

Handiwork as a matter of law.  As to other employees, American Handiwork may be able to plead an imputation of liability, but, at this time, amendment would be necessary to provide adequate factual support.

Accordingly, 84 Lumber's Motion to Dismiss, with regard to the imputation of 84 Lumber for the actions of its employees at Counts I, II, and III, will be granted.  Any amendment with regard to the imputation of Mr. Husted's actions, as pleaded in the complaint, is futile.  Amendment with regard to other employees, as referenced in American Handiwork's Complaint and Brief in Opposition. will be permitted.

## ORDER

Upon consideration of American Handiwork's Complaint (ECF No. 1), 84 Lumber's Motion to Dismiss (ECF No. 6), the respective briefs and responses of the parties (ECF Nos. 7, 9, and 10), and for the foregoing reasons, 84 Lumber's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted.  Counts I, II, and III are dismissed.  American Handiwork may file an Amended Complaint as to Counts I, II, and III as specified in the Opinion above.  Any Amended Complaint shall be filed on or before September 1, 2021.  Should no Amended Complaint be filed on or before September 1, 2021, the clerk shall mark this case closed.  Should an Amended Complaint be filed, 84 Lumber shall answer or otherwise respond on or before September 15, 2021.

DATED this 18th day of August, 2021.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge